**MARYLAND CITIZENS COMMITTEE FOR FAIR CONGRESSIONAL RE-DISTRICTING, INC., et al.**

**v.**

**J. Millard TAWES, as Governor of the State of Maryland,**

**and**

**Lloyd Simpkins, as Secretary of State of the State of Maryland.**

**Civ. No. 15178.**

United States District Court
D. Maryland.

March 21, 1964.

See also D.C., 226 F.Supp. 80.

James H. French, Alfred L. Scanlan, Shea & Gardner, and Cummings & Sellers, Washington, D. C., for plaintiffs.

Thomas B. Finan, Atty. Gen., Robert C. Murphy, Deputy Atty. Gen., and Robert F. Sweeney, Asst. Atty. Gen., of Baltimore, Md., for defendants.

Marvin H. Smith, Denton, Md., for Republican State Central Committee of Maryland, intervenor.

William L. Marbury and Decatur H. Miller, Baltimore, Md., for George P. Mahoney, intervenor.

A. Adgate Duer and Robert C. Prem, Baltimore, Md., for Charles McC. Mathias and Rogers C. B. Morton, intervenors.

George D. Hubbard, Baltimore, Md., for Newton I. Steers, Jr., intervenor.

Robert J. Gerstung, Baltimore, Md., for Robert P. Conrad and Thomas C. Hofstetter, intervenors.

Paul Berman and Melvin J. Sykes, Baltimore, Md., for George H. Fallon, Samuel N. Friedel, Edward A. Garmatz, Clarence D. Long and Carlton R. Sickles, intervenors.

George L. Russell, Jr., Baltimore, Md., for Verda Welcome and others, intervenors.

Brent Bozell, Bethesda, Md., intervenor, pro se.

Walter L. Green, Hyattsville, Md., intervenor, pro se.

Before SOBELOFF, Chief Circuit Judge, THOMSEN, Chief Judge, and NORTHROP, District Judge.

## PER CURIAM.

Legal questions apart, no court, federal or state, will accept with any degree of satisfaction a call to redistrict the state for congressional elections—a task primarily legislative in character. With similar reluctance will a court contemplate a proposal to order elections at large, with the consequent lessening of direct contacts between representatives and their constituents, and other disadvantages which have been often pointed out and need not be detailed here.

Heretofore we have indicated our view that both the existing districting law and the measure pending on referendum are unconstitutional, and that relief in some form is due. A formal decree was withheld to allow an opportunity for the General Assembly to take appropriate action consistent with constitutional requirements.

The legislative session in progress at the time of our earlier hearing in this case found it impossible or inexpedient to take such action. A special session convened soon thereafter also failed to bring the congressional districts into conformity with constitutional requirements as interpreted by the Supreme Court of the United States, although one house did pass a redistricting bill.

Manifestly, the existing situation cannot be permitted to continue indefinitely; but in determining the precise form that relief should take the court is permitted—indeed it is expected—to take into account all pertinent equitable considerations.

After weighing the diverse points of view that have been called to our attention and argued to us by the numerous parties and counsel, this court is of the opinion that it would be unwise

to undertake at this time a solution governing the future without differentiating between the forthcoming election of November 1964 and later elections. In the exercise of our discretion, we conclude that the spirit of the Constitution and the Supreme Court's decisions in Wesberry v. Sanders, 84 S.Ct. 526, and Martin v. Bush, 84 S.Ct. 709, will be best observed by permitting the 1964 elections to be held under the present statute. Art. 33, §§ 159–166, Ann.Code of Md., 1957. The enactment now pending on referendum, sec. 1 of Chap. 380 of the Laws of Maryland, 1963, fails to meet constitutional standards, and even if approved at the 1964 election, could not be permitted to stand.

We will therefore sign a decree declaring the existing congressional boundaries unconstitutional and void, but will stay the effective date of the decree until after this fall's elections.

The court retains jurisdiction to grant such further relief as future developments may warrant.